**Jora SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74390.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 23, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Ashwani K. Bhakhri, Esq., Burlingame, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Barry J. Pettinato, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, LEAVY and FISHER, Circuit Judges.

Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Jora Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding, *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003), as well as a determination that a petitioner is ineligible for relief under CAT, *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the IJ's decision. Singh's testimony was internally inconsistent concerning, *inter alia*, the reason for his July 21, 1995 arrest, and the focus of the subsequent police interrogation. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1151–52 (9th Cir.1999). Moreover, substantial evidence supports the adverse credibility finding based on demeanor. *See id. at* 1151 (giving "special deference" to a credibility determination that is based on demeanor). Singh has not shown that the documentary evidence presented compelled a contrary conclusion in order to overcome the credibility determination. *See Malhi*, 336 F.3d at 993.

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Singh's challenge to the BIA's summary affirmance, without opinion, is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

** This disposition is not appropriate for publication and may not be cited to or by the

Because Singh failed to demonstrate that it was more likely than not that he would be tortured if he returned to India, the IJ's properly denied Singh's CAT claim. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

